FILED'26 MAY 5 15:11 USDC-ORM

# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON
# MEDFORD DIVISION

Case No.: 1:26-CV-00906-CL

David C. Walker, Pro Se
Plaintiff,

v.

United States Department of the Interior;
Bureau of Land Management;
Peter Sawtell, in his individual and official capacities;
David Grissom, in his individual and official capacities;
Kirby Bean, in his individual and official capacities;

Josephine County Sheriff's Office;
Sheriff Dave Daniel, in his official capacity;
Deputy Chris Watson, in his individual and official capacities;

DOES 1–10,
Defendants.

# COMPLAINT FOR JUDICIAL REVIEW UNDER THE ADMINISTRATIVE
# PROCEDURE ACT AND CIVIL RIGHTS VIOLATIONS

## I. INTRODUCTION

1. This action arises from unlawful interference with Plaintiff's federally protected mining claim, including physical obstruction of access, misclassification of lawful mining activity as "camping," and coordinated actions between federal and local officials that deprived Plaintiff of property and constitutional rights.

2. Plaintiff seeks judicial review under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706, and relief under 42 U.S.C. § 1983 for violations of rights secured by the Constitution.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1331, 5 U.S.C. § 702, and 28 U.S.C. § 1343.

4. Venue is proper under 28 U.S.C. § 1391(e) because the events occurred in Josephine County, Oregon.

## III. PARTIES

5. **Plaintiff David C. Walker** is a private individual and lawful holder of a valid federal mining claim located in Josephine County, Oregon.

6. **Defendant United States Department of the Interior** is the federal agency responsible for oversight of public lands.

7. **Defendant Bureau of Land Management ("BLM")** is an agency within the Department of the Interior responsible for administration of mining claims.

8. **Defendant Peter Sawtell** is a BLM employee who participated in the events described herein.

9. **Defendant David Grissom** is a BLM employee who participated in the events described herein.

10. **Defendant Kirby Bean** is a BLM employee who participated in or directed actions interfering with Plaintiff's claim.

11. **Defendant Josephine County Sheriff's Office** is a local law enforcement agency.

12. **Defendant Sheriff Dave Daniel** is the elected sheriff and is sued in his official capacity.

13. **Defendant Deputy Chris Watson** is a deputy sheriff who initiated the conflict and is sued in both his individual and official capacities.

14. Defendants Does 1 through 10 are unknown persons who participated in the actions described herein.

## IV. FACTUAL ALLEGATIONS

15. Plaintiff holds a valid and properly recorded unpatented mining claim under the **General Mining Act of 1872, 30 U.S.C. § 22 et seq.**

16. This claim grants Plaintiff the exclusive right of possession and enjoyment for mining purposes.

17. Plaintiff was actively engaged in mining-related activity on his claim.

18. Plaintiff maintained temporary shelter, including a tent, as necessary and incidental to mining operations.

19. Such occupancy is lawful and is not recreational camping.

20. Defendant Deputy Chris Watson approached Plaintiff and informed him that he was "camping" rather than mining and ordered Plaintiff to vacate the claim.

21. This assertion was incorrect as a matter of federal law.

22. Plaintiff was not issued a citation, written notice, or administrative order.

23. Thereafter, large boulders were placed to block access to Plaintiff's claim.

24. This obstruction prevented ingress and egress.

25. Upon information and belief, Defendants Sawtell, Grissom, and Bean participated in, authorized, or coordinated the obstruction.

26. These actions were taken without notice, hearing, or lawful administrative process.

27. Plaintiff was deprived of access to his claim and the ability to conduct mining operations.

28. Plaintiff suffered economic loss, interference with property rights, and deprivation of constitutional protections.

## V. CLAIMS FOR RELIEF

**COUNT I**

### Administrative Procedure Act – Unlawful Agency Action
(Against Federal Defendants)

29. Plaintiff incorporates paragraphs 1 through 28.

30. Defendants BLM, DOI, Sawtell, Grissom, and Bean engaged in final agency action by obstructing access to Plaintiff's claim.

31. This action determined Plaintiff's rights and caused immediate legal consequences.

32. The action was taken without statutory authority or required procedure.

33. The action was arbitrary, capricious, and not in accordance with law in violation of **5 U.S.C. § 706.**

**COUNT II**

**42 U.S.C. § 1983 – Deprivation of Rights Under Color of Law**
(Against Sheriff Defendants)

34. Plaintiff incorporates paragraphs 1 through 33.

35. Defendant Chris Watson, acting under color of state law, ordered Plaintiff to leave his lawful mining claim without legal authority.

36. Defendant Watson mischaracterized lawful mining activity as "camping."

37. Defendant Watson deprived Plaintiff of property and liberty without due process.

38. Defendant Sheriff Dave Daniel is responsible for the conduct of his deputies.

**COUNT III**

**42 U.S.C. § 1983 – Violation of Due Process**

39. Plaintiff incorporates paragraphs 1 through 38.

40. Plaintiff was deprived of access to property without notice or opportunity to be heard.

41. This deprivation violates the Fifth and Fourteenth Amendments.

## COUNT IV

### 42 U.S.C. § 1983 – Unlawful Interference with Property

42. Plaintiff incorporates paragraphs 1 through 41.

43. Defendants interfered with Plaintiff's lawful possession and use of property without lawful authority.

## COUNT V

### Civil Conspiracy to Interfere with Rights

44. Plaintiff incorporates paragraphs 1 through 43.

45. Defendants acted in concert to obstruct Plaintiff's access and interfere with lawful mining operations.

## COUNT VI

### Monell Liability – Unconstitutional Policy or Custom
(Against Sheriff in Official Capacity)

46. Plaintiff incorporates paragraphs 1 through 45.

47. Defendant Sheriff Dave Daniel is responsible for policies and practices of the Josephine County Sheriff's Office.

48. The actions of Defendant Watson were taken pursuant to policies, customs, or failures including inadequate training and misclassification of lawful mining activity.

49. These policies caused the deprivation of Plaintiff's rights.

50. The County is liable under Monell v. Department of Social Services, 436 U.S. 658 (1978).

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

A. A declaration that Defendants' actions violated federal law and the Constitution;

B. An injunction requiring removal of all obstructions and restoration of access;

C. An injunction prohibiting further interference without due process;

D. Compensatory damages;

E. Punitive damages against individual Defendants;

F. Costs of suit;

G. Such other relief as the Court deems just and proper.

Respectfully submitted,

By:_____    Date 05/05/26

David C. Walker, Pro Se

℅ Dave Wlaker,  317 Josephine St. #1484• Merlin, Oregon [97532]
Email: davowalker45@gmail.com • Phone: 541-660-5366